UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DEWAYNE L. COMER,

                                        Petitioner,

            v.                                                    5:01-CV-1197
                                                                        (FJS)
UNITED STATES OF AMERICA,                            5:96-CR-22
                                                              (Related criminal action)
                                        Respondent.

_____

APPEARANCES                                 OF COUNSEL

DEWAYNE L. COMER
06993-052
United States Penitentiary
P.O. Box 1000
Lewisburg, Pennsylvania 17837
Petitioner *pro se*

OFFICE OF THE UNITED                 BRENDA K. SANNES, AUSA
STATES ATTORNEY
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Respondent

SCULLIN, Senior Judge

## MEMORANDUM-DECISION AND ORDER[1]

### I. BACKGROUND

On July 25, 2001, Petitioner Dewayne L. Comer filed a Motion to Vacate, Set Aside or

Correct his Sentence pursuant to 28 U.S.C. § 2255.  *See* Action No. 01-CV-1197, Dkt. No. 1.  In

that motion, Petitioner challenged the propriety of his conviction and sentencing following a jury

_____

[1] This Court has already issued several memoranda-decisions and orders in this action, familiarity with which is presumed.

trial in the related criminal action in which Petitioner was found guilty of, among other things, being an organizer, supervisor or manager of a continuing criminal enterprise in violation of 21 U.S.C. § 848.  *See* Action No. 96-CR-22, Dkt. No. 747.

In a Memorandum-Decision and Order dated October 23, 2004, this Court denied all of the claims that Petitioner raised in his Motion to Vacate with the exception of portions of his ground for relief in which he claimed that he received the ineffective assistance of trial counsel. *See* Memorandum-Decision and Order dated October 23, 2004, Action No. 01-CV-1197, Dkt. No. 15.[2]

On May 12, 2005, May 24, 2005, and September 9, 2005, this Court presided over an evidentiary hearing at which the parties presented evidence related to the claims that the Court had not resolved in its October 23, 2004 Memorandum-Decision and Order.  In a Memorandum-Decision and Order dated November 6, 2006, this Court addressed those unresolved claims.  *See* Memorandum-Decision and Order dated November 6, 2006, Action No. 01-CV-1197, Dkt. No. 45.  In that decision, the Court denied the remaining theories that Petitioner had asserted in support of his ineffective assistance claim and, accordingly, denied and dismissed his Motion to Vacate in its entirety.  *See id.* at 20.

By application filed on November 22, 2006, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Petitioner requested that the Court alter or amend its judgment dismissing his Motion to Vacate, reconsider its November 6, 2006 Memorandum-Decision and Order, and grant

---

[2] In that decision, this Court also denied various "supplemental claims" that Petitioner appeared to assert in letters he had sent to the Court after he filed his Motion to Vacate.  *See* Memorandum-Decision and Order dated October 23, 2004, Action No. 01-CV-1197, Dkt. No. 15, at 31-33.

his Motion to Vacate.  *See* Action No. 01-CV-1197, Dkt. No. 46.  The Government filed a

response to that application, *see* Action No. 01-CV-1197, Dkt. No. 50; and Petitioner thereafter

submitted a reply memorandum of law in further support of his Rule 59 motion, *see* Action No.

01-CV-1197, Dkt. No. 53.  By Memorandum-Decision and Order dated July 21, 2007, this Court

denied Petitioner's Rule 59 motion.  *See* Memorandum-Decision and Order dated July 21, 2007,

Action No. 01-CV-1197, Dkt. No. 54.  He thereafter filed a motion seeking a Certificate of

Appealability ("COA") to enable him to appeal the denial of his application to the Second Circuit

Court of Appeals, *see* Action No. 01-CV-1197, Dkt. No. 58, which is currently before this Court

for review.

## II. DISCUSSION

### A.     Standard of review

Section 2253 of Title 28 of the United States Code, which governs appeals in habeas

corpus proceedings, provides, in pertinent part, that, "[u]nless a circuit justice or judge issues a

certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final

order in a proceeding under section 2255."  28 U.S.C. § 2253(c)(1)(B).[3]  A court may issue a

COA "only if the applicant has made a substantial showing of the denial of a constitutional

right."  28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (holding that,

"[u]nder the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate

---

[3] Rule 22 of the Federal Rules of Appellate Procedure similarly provides that a petitioner may not appeal from an order denying an application for habeas relief "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b).

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further"'" (quotation omitted)).  With this standard in mind, the Court will consider Petitioner's request for a COA.

**B.      Substance of Petitioner's request**

In support of his application for a COA, Petitioner initially asserts that this Court erred in concluding that he had failed to establish that his counsel's failure both to prepare and allow him to testify in his own defense at trial prejudiced him.[4]  *See* Motion for COA at 3-6.  As the Court noted in its Order denying this claim, however, to succeed on this theory, Petitioner was also required to demonstrate that there was "a reasonable probability that [counsel's] deficiency prejudiced the outcome."  *See* Memorandum-Decision and Order dated November 6, 2006, Action No. 01-CV-1197, Dkt. No. 45, at 13 (quoting *Rega*, 263 F.3d at 21).  Since, as the Court noted in its November 6, 2006 Memorandum-Decision and Order, Petitioner wholly failed to demonstrate that his counsel's conduct prejudiced him, he has not "made a substantial showing of the denial of a constitutional right" as to this theory.  28 U.S.C. § 2253(c)(2).

Petitioner also argues that he is entitled to a COA on his claim that the Superceding Indictment was constitutionally defective because it failed to allege that Petitioner was the "principle administrator in a conspiracy that involved at least 300 times the quantity of substance

---

[4] In its November 6, 2006 Memorandum-Decision and Order, *see* Action No. 01-CV-1197, Dkt. No. 45, this Court determined that the actions of Petitioner's trial counsel were objectively unreasonable insofar as he failed to prepare Petitioner adequately to testify at trial despite the fact that counsel was aware that Petitioner wished to testify in his own defense.  *See id.* at 13.

described in . . . 18 U.S.C. § 841(b)(1)(B)," or 1.5 kilograms of crack cocaine. *See* Motion for COA at 6-7.

However, in its October 23, 2004 Memorandum-Decision and Order, this Court noted that Petitioner had failed to argue in the direct appeal of his criminal conviction that the Superceding Indictment was fatally defective. *See* Memorandum-Decision and Order dated October 23, 2004, Action No. 01-CV-1197, Dkt. No. 15, at 9. By failing to raise that argument in his direct appeal, Petitioner procedurally defaulted on that claim. *See id.* at 9-10. Furthermore, because he also failed to establish cause for his procedural default or that he is actually innocent of any of the crimes of which he was convicted, he procedurally forfeited his right to challenge his conviction on the ground that the Superceding Indictment was defective. *See id.* at 9-11.

In sum, the Court finds that Petitioner has not demonstrated that he is entitled to a COA on the theories he has raised in his application seeking that Certificate. Therefore, the Court denies his request.

### III. CONCLUSION

After carefully reviewing the file in this matter, the parties' submissions, the applicable law, and for the reasons stated in this Court's prior decisions as well as the present one, the Court finds that Petitioner has failed to make the showing required for issuance of a COA. Therefore, the Court hereby

ORDERS that Petitioner's motion for a Certificate of Appealability is **DENIED**; and the

Court further

ORDERS that the Clerk of the Court serve a copy of this Order on the parties by

electronic or regular mail.

**IT IS SO ORDERED.**

Dated: January 22, 2008
         Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge